## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|  |  |  |
|---|---|---|
| ROGER STEWART | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-1645 |
| BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES | * | |
| Defendant. | * | |
|  | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Plaintiff Roger Stewart filed this action against his former employer BAE Systems Technology Solutions & Services, Inc. ("BAE Systems") seeking damages and other relief for BAE Systems' alleged failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 1. BAE Systems answered the Complaint on July 20, 2015, ECF No. 11, and a Scheduling Order was entered on July 30, 2015, ECF No. 15. On December 14, 2015, the parties submitted a status report informing the Court that after completing written discovery, the parties had reached a settlement agreement. ECF. No. 17.

The parties now jointly move for approval of the settlement agreement. ECF No. 18.  The Court has reviewed the Complaint, the Answer filed by Defendant, the parties' Joint Motion for Approval of Settlement and the Release and Settlement Agreement. ECF Nos. 1, 11, & 18. For

the reasons explained below, the Court finds that a *bona fide* dispute exists regarding liability

under the FLSA, the settlement agreement is a fair and reasonable compromise of the dispute,

and the attorney's fees are reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d

1350, 1355 (11th Cir. 1982); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Leigh*

*v. Bottling Group, LLC*, DKC-10-0218, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012).

Therefore, the Court will GRANT the motion and instruct the clerk to CLOSE this case.

## I.  FACTUAL BACKGROUND

Plaintiff was employed by BAE Systems from 1989 to December 2014. ECF No. 1 at ¶

11. Plaintiff held various positions during that time, generally working with complex radio

communications systems for BAE Systems' customers. *Id.* at ¶¶ 12-16. At some point, Plaintiff

was promoted to systems analyst and was given a classification that made him exempt from

overtime payments, *Id.* at ¶ 15, but Plaintiff claims that he continued to perform the same

function and was improperly classified as an exempt employee. *Id.* at ¶¶ 19-21. In his position as

a systems analyst, Plaintiff was compensated on an hourly basis for all hours worked at a rate of

$34.46 per hour. *Id.* at ¶ 25. Plaintiff was terminated from BAE Systems in December 2014 for

alleged falsification of his time cards. ECF No. 18-2 at 2.

## II.  DISCUSSION

### A.  FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations

except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement

reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory

rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at

1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for

reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, PWG-13-3496, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 2014 WL 2174751 at *2 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (*citing Lynn's Food Stores, Inc.,* 679 F.2d at 1354).

## B.  *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernofff, Inc.*, 1:08cv1310, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, the parties dispute whether Plaintiff was an exempt employee, whether any violation of BAE Systems was willful and would permit recovery for a three-year period, and whether Plaintiff's alleged time card alteration undermines his claim that he worked hours in excess of 40 per week. *See* ECF No. 18-2 at 4-5; *see also Lopez*, 748 F.Supp. 2d at 478 ("[FLSA settlements] reflect many factors that may be in play as the parties negotiate, including disagreements over the number of hours worked by the plaintiff, the plaintiff's status as an

exempt employee, or the defendant's status as a covered employer."). Thus, the Court finds that

a *bona fide* dispute exists as to Defendant's liability under the FLSA.

### C. Fair & Reasonable

In determining whether a settlement of FLSA claims is fair and reasonable, the

Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the
> proceedings, including the complexity, expense and likely duration
> of the litigation; (3) the absence of fraud or collusion in the
> settlement; (4) the experience of counsel who have represented the
> plaintiffs; (5) the opinions of class counsel and class members after
> receiving notice of the settlement whether expressed directly or
> through failure to object; and (6) the probability of plaintiffs'
> success on the merits and the amount of the settlement in relation
> to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties have completed written discovery. *See*

ECF No. 17.  Given the current stage of the litigation, significant expenses would be incurred if

the parties continued with depositions, dispositive motions, and possibly trial. *See, e.g.*, *Saman v.*

*LBDP*, DKC-12-1083, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has

been no evidence to suggest any fraud or collusion in the settlement, and counsels' filings

demonstrate their competence and experience.

Finally, the settlement agreement entitles Plaintiff to $6,166.64, in addition to a separate

payment of $3,832.36 in attorney's fees and costs. *See* ECF No. 18 at 6. According to the parties,

this compensates Stewart for all unpaid overtime wages and provides an equal amount in

liquidated damages. *See id.*

Although the settlement agreement contains a general release of claims beyond those in

the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the

Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-

dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 2014 WL 2174751 at *4. The Court finds that the total payment amount is reasonable for the release executed.

### D.  Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (*citing Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984).

Here, the parties report that the Plaintiff has incurred costs in the amount of $575 and that counsel has incurred attorney's fees in the amount of $11,400. They arrive at that figure by multiplying 38 hours by an average billable rate of $300 per hour. The parties fail to provide the Court with information as to the hours worked by specific attorneys and the years of service for those attorneys, which would allow the Court to perform its own lodestar calculation. Nonetheless, the Court will approve the requested attorney's fees because the parties are only requesting $3,832.36 for attorney's fees and costs, which is a significant reduction from the parties' lodestar calculation and is not inconsistent with totals approved by this Court in similar litigation. Additionally, the time expenditure of 38 hours is reasonable given the work completed. In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable.

**III. CONCLUSION**

Upon review of the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the settlement appears to be a fair and reasonable compromise of a *bona fide* dispute. The parties agreed to settle after written discovery to avoid costs of further litigation and trial. The settlement is a product of arms-length negotiation between parties represented by experienced counsel. Therefore, the Joint Motion for Settlement Approval, ECF No. 18, is GRANTED.

A separate Order shall issue.


Dated: February 23, 2016

GEORGE J. HAZEL
United States District Judge